# PIERCE LAW GROUP
### KNOWLEDGE AND PROFESSIONALISM AT LAW

J.W. PIERCE, ESQ.         9121 ANSON WAY STE. 200        TELEPHONE: (919) 584-5556
                                         RALEIGH, NC 27615              FACSIMILE: (919) 887-7267
                                                                                             WWW.PIERCELAW.COM

June 8, 2018

**PERSONAL & CONFIDENTIAL**
**VIA US MAIL**

**Clerk of Superior Court**
**Alamance County Courthouse**
**212 W. Elm Street**
**Graham, NC 27253**

       Re:     **Samuel Shaw v. Elon University**

Dear Clerk of Superior Court:

Enclosed please find the following documents:

1. Check #1050 for $200 for Superior Court Filing Fee;
2. Civil Action Cover Sheet (2 copies);
3. Summons (2 copies);
4. Complaint (2 copies); and
5. Postage-paid envelope

       I respectfully request that you file Mr. Shaw's Complaint and return a file-stamped copy to me in the enclosed envelope.

       If you have any questions or concern or need anything additional to facilitate this request, please do not hesitate to contact me directly at (919) 584-5547.

Sincerely,

*/s/ LB Waller/*

Laura Beth Waller
Attorney and Counselor at Law

Enclosures (5)

cc:     Elon University
         Connie Ledoux Book, Registered Agent
         100 Campus Drive
         Elon, NC 27244

EXHIBIT 1

| STATE OF NORTH CAROLINA | | File No. | |
|---|---|---|---|
| Alamance County | | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division | |

| Name And Address Of Plaintiff 1<br>Samuel Shaw<br>1476 Durhamtown Road<br>Brimfield, MA 01010 | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING  ☐ SUBSEQUENT FILING<br>Rule 5(b), General Rules of Practice For Superior and District Courts |
|---|---|
| Name And Address Of Plaintiff 2 | Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)<br>Laura Beth Waller<br>Pierce Law Group, PLLC<br>9121 Anson Way, Ste 200<br>Raleigh                          NC    27615 |
| **VERSUS** | |
| Name Of Defendant 1<br>Elon University<br>Connie Ledoux Book, Registered Agent<br>100 Campus Drive<br>Elon, NC 27244 | Telephone No. 919-584-5556   Cellular Telephone No.<br>NC Attorney Bar No. 41677   Attorney E-Mail Address lbwaller@piercelaw.com |
| Summons Submitted ☒ Yes ☐ No | ☒ Initial Appearance in Case   ☐ Change of Address |
| Name Of Defendant 2 | Name Of Firm<br>Pierce Law Group, PLLC<br>FAX No. 919-887-7267<br>Counsel for<br>☒ All Plaintiffs ☐ All Defendants ☐ Only (list party(ies) represented) |
| Summons Submitted ☐ Yes ☐ No | |
| ☒ Jury Demanded In Pleading<br>☐ Complex Litigation | ☐ Amount in controversy does not exceed $15,000<br>☐ Stipulate to arbitration |

**TYPE OF PLEADING**

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) *(see Note)*
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

(check all that apply)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☒ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other *(specify and list each separately)*

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 1/14                                      (Over)
© 2014 Administrative Office of the Courts

## CLAIMS FOR RELIEF

- ☐ Administrative Appeal (ADMA)
- ☐ Appointment Of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim And Delivery (CLMD)
- ☐ Collection On Account (ACCT)
- ☐ Condemnation (CNDM)
- ☒ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☒ Injunction (INJU)
- ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☐ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. 44A (MVLN)
- ☐ Possession Of Personal Property (POPP)
- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☐ Other *(specify and list each separately)*

Date | Signature Of Attorney/Party

### FEES IN G.S. 7A-308 APPLY
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

### PRO HAC VICE FEES APPLY
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)  ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

Plaintiff(s) Against Whom Counterclaim Asserted

Defendant(s) Against Whom Crossclaim Asserted

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. |
|---|---|
| Alamance County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Samuel Shaw | |
| Address | **CIVIL SUMMONS** |
| 1476 Durhamtown Road | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | |
| Brimfield                MA    01010 | G.S. 1A-1, Rules 3, 4 |
| VERSUS | |
| Name Of Defendant(s) | Date Original Summons Issued |
| Elon University | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Elon University | |
| Connie Ledoux Book, Registered Agent | |
| 100 Campus Drive | |
| Elon                          NC  27244 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time  ☐ AM  ☐ PM |
|---|---|---|
| Laura Beth Waller | | |
| Pierce Law Group, PLLC | Signature | |
| 9121 Anson Way, Ste 200 | | |
| Raleigh                      NC  27615 | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time  ☐ AM  ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01                                                        (Over)
© 2001 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                 SUPERIOR COURT DIVISION
COUNTY OF ALAMANCE               18 CVS

SAMUEL SHAW,                )
                            )
        Plaintiff,          )
                            )        COMPLAINT
    v.                      )
                            )        JURY TRIAL DEMANDED
ELON UNIVERSITY,            )
                            )
        Defendant.          )
                            )

NOW COMES Plaintiff, Samuel Shaw, by and through counsel, complaining of Defendant Elon University and alleges and says:

## JURISDICTION AND VENUE

1. Shaw is a citizen and resident of the State of Massachusetts.

2. Defendant Elon University is a non-profit corporation which conducts business in the State of North Carolina with its principal place of business in Elon. At all times relevant to this Complaint, Elon University did business and maintained a university in North Carolina.

3. This Court has subject matter jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-240, 7A-243 because the damages alleged herein are within the jurisdictional limits of this Court.

4. This Court has personal jurisdiction over Defendant pursuant to N.C. Gen. Stat. §§ 1-75.4(1), 1-75.4(3), and/or 1-75.4(5) because Elon University conducted business and continues to conduct business and has breached a contract in North Carolina.

5. Venue is proper pursuant to N.C. Gen. Stat. § 1-79(a) because Defendant Elon University is a domestic corporation and its registered agent and principal place of business is in Alamance County.

///

///

## FACTUAL ALLEGATIONS

1. Shaw was a student at Elon University.

2. Elon University published a Student Handbook and Code of Conduct that outlines its policies and procedures relating to student conduct matters.

3. Section 5 of the Student Code of Conduct states that procedures and rights in the student conduct process are conducted with fairness to all.

4. Section 6 of the Code of Conduct outlines the Formal Conduct Procedures Elon University.

5. Subsection A states that Elon University's response to a potential code of conduct violation should be handled "expeditiously and thoroughly." Consideration will be given to all available and credible information relevant to the case. This is to ensure that a fair process and appropriate consideration are extended to all students.

6. The policy states that not all situations are of the same severity or complexity…these procedures are flexible, and are not exactly the same in every situation, though consistency in similar situations is a priority.

7. Subsection E explains the three-step process for student conduct violations, which includes a (1) preliminary inquiry; (2) a student conduct conference; and (3) a formal hearing.

8. On October 20, 2017, Shaw attended a sorority formal event.

9. Shaw did not consume alcohol on that evening. Shaw left the event by bus and was picked up from the bus drop off by Mr. Nick Marano, who was a designated driver for the evening.

10. Mr. Marano was called by phone by Mr. Nate Joslin, Shaw's friend, to request a ride for an unidentified individual who was extremely intoxicated, belligerent, and had allegedly assaulted two female students.

11. Upon information and belief, the unidentified individual had choked one female student by pushing her against a building and had hit in the face and kicked in the stomach a second female student.

12. Shaw, Mr. Marano, and Mr. Andrew Dewdney drove to Mr. Joslin's location to pick him up. Upon arriving, Shaw observed the unidentified individual unprovokedly punch Mr. Joslin in the face with a closed fist while Mr. Joslin was not looking.

13. Mr. Joslin immediately dropped to the ground and began bleeding from the face.

14. Shaw exited Mr. Marano's vehicle and tacked the unidentified individual and struck him, believing that he was an imminent threat the Mr. Joslin and the two other female students that he had already allegedly assaulted.

15. Shaw recognized the unidentified individual as Mr. Spencer Schar.

16. Mr. Schar is the son of a large financial donor to Elon University. The newly constructed Schar Center, a 5,100 seat arena, was named in the family's honor.

17. Mr. Schar was assisted in to Mr. Marano's vehicle and driven to his home, despite his unprovoked attack.

18. Upon information and belief, this matter was investigated by the Elon Police Department which determined that Shaw had acted in self-defense.

19. The Elon University Social Code of Conduct violation investigations begin with a preliminary inquiry. This inquiry includes conducting a preliminary investigation and identifying a list of policies that may have been violated.

20. The preliminary inquiry "typically take[s] one to seven business days to complete." At the conclusion of the preliminary inquiry, a determination may be made to moved forward with the "formal process by identifying possible code of conduct violations and sending notifications…to meet for a student conduct conference."

21. On October 30, 2017, Mr. Randall Williams, Director of Student Conduct at Elon University, interviewed Mr. Schar, along with his mother, Ms. Martha Schar.

22. During that interview, Mr. Schar did not give any description of Shaw or his involvement in the events of October 20, 2017.

23. During that interview, Mr. Schar indicated that he was involved in another physical confrontation later that same night in his apartment.

24. Upon information and belief, Mr. Williams, began a preliminary investigation on or about October 30, 2017.

25. On or about November 6, 2017, Mr. Schar learned Shaw's identify and provided it to Mr. Williams via email.

26. On November 28, 2017, Shaw was notified that Mr. Williams had set a student conduct conference.

27. The purpose of the student conduct conference is to "review the potential charges and sanctions" and to give the student an "opportunity to respond to the potential charges and provide information necessary to determine if and what policy violations may have occurred." The potential outcomes of this conference include "[p]ostponing and setting charges and conducting a hearing until additional information has been gathered;

[s]etting charges and engaging in a more comprehensive investigation before scheduling a hearing; [or] [s]etting charges and scheduling an administrative hearing..."

28. On December 4, 2017, Mr. Williams held a student conduct conference.

29. During the student conduct conference, Shaw provided a statement of the events of October 20, 2017.

30. On December 7, 2017, Mr. Williams interviewed Mr. Dewdney and Mr. Marano, who provided statements of the events of October 20, 2017, including, at a minimum, information about the knowledge and involvement of Mr. Joslin and the two female students who were allegedly assaulted by Mr. Schar.

31. On December 7, 2017, Shaw was notified that a student conduct hearing had been set.

32. According to the Student Handbook, formal hearings are typically held within 30 days of an incident. During a formal student conduct hearing, the hearing officer asks questions regarding the incident and the responding student's behavior related to the charges and considers all credible information. If necessary, the hearing officer may postpone the conclusion of the hearing for a reasonable amount of time in order to conduct additional investigation or gather more information/ evidence. The hearing will conclude with the rendering of a "Responsible" or "Not Responsible" decision for each potential violation based on the preponderance of the evidence and appropriate sanctions will be assigned if warranted. In instances where the recommended sanction may be disciplinary suspension or permanent separation, the hearing officer will consult with the dean of students prior to rendering a final decision.

33. On December 14, 2017, Mr. Williams held a student conduct hearing at 11:00 am via telephone, 55 days from the date of the incident.

34. Mr. Williams completed a "case resolution form" and it was entered at 11:17:29 am indicating that Shaw was responsible for fighting or acts of aggression and disorderly conduct.

35. Shaw was notified on December 14, 2017 that he was responsible for fighting or acts of physical aggression and for disorderly conduct. Shaw was issued a disciplinary suspension for one calendar year on the basis of the "severe injuries" to Mr. Schar.

36. On December 21, 2017, Shaw timely appealed his disciplinary suspension to the Elon University Appeal Board. The Appeal Board upheld the disciplinary suspension.

37. Inspection and review of Shaw's conduct file showed that there was no evidence about the alleged severity of Mr. Schar's injuries, no statement from Mr. Schar about the incident, and no statements from the three other material witnesses.

38. Upon information and belief, Mr. Schar received a lesser disciplinary suspension.

## FIRST CAUSE OF ACTION
(Breach of Contract)

39. Shaw realleges paragraphs 1 through 38 as if fully set forth herein.

40. The essential elements of a breach of contract claim are (1) a valid contract; (2) a breach; (3) proximate cause; and (4) damage. *McLamb v. T.P., Inc.*, 173 N.C. App. 161, 166, 619 S.E.2d 577, 580 (2005), *disc. rev. denied*, 360 N.C. 290 (2006).

41. "The basic legal relation between a student and a private university or college is contractual in nature." *Ryan v. Univ. of N.C. Hosps.*, 128 N.C. App. 300, 302, 494 S.E.2d 789, 791 (1998)).

42. "To assert a legally enforceable contract against a university, the student must point to an identifiable contractual promise that the University failed to honor." *Herrera, et. al., v. Charlotte School of Law, LLC*, 2018 WL 1902556, at *9 (internal quotations omitted).

43. A breach of contract action will survive when the student's claim includes "identifiable contractual promises that the University failed to honor... and the court can make an objective assessment of whether the institution made a good faith effort to perform on its promise without inquiring in to the nuances of educational processes." *Id.* (*citing Ryan*, 128 N.C. App. at 302, 494 S.E.2d at 791) (internal quotations omitted); *see also McFadyen v. Duke Univ.*, 786 F.Supp.2d 887, 983 (M.D.N.C. Mar. 31, 2001) (allowing a breach of contract claim to proceed on Shaw's allegation that Duke failed to follow procedures for imposing discipline under its Code of Conduct).

44. In consideration of the fees and expenses paid by Shaw, Elon University made specific promises that it published in its Student Code of Conduct, including, but not limited to, those specifically discussed in paragraphs 3, 4, 5, 6, 7, 16, 17, 23, 28. These promises include that Elon University will conduct all student conduct process are conducted with fairness to all, that potential code of conduct violations will be handled expeditiously and thoroughly, that consideration will be given to all available and credible evidence relevant to the case, that appropriate consideration will be extended to all students, and that consistency in similar situations is a priority.

45. Elon University breached its contractual promises by failing to follow its procedures as applied to Shaw, including following the timeline that it established for investigating and adjudicating student conduct matters, considering all relevant and credible evidence, applying its procedures consistently, and adhering to its tenant of "fairness to all."

46. Elon University breached its contractual promises to Shaw by failing to make a decision based on a preponderance of the evidence.

47. Instead of fulfilling its contractual obligations, upon information and belief, Elon University issued a lesser disciplinary suspension to the son of a large financial donor who had assaulted three students, including two females.

48. Shaw suffered damages as a result of Elon University's breach of contract in an amount to be determined by the trier of fact.

49. Shaw had completed only three semesters of education at Elon University and is therefore not entitled to a degree with this amount of education. Thus, he has lost the funds spent on his education to date.

50. Shaw had to move back to Massachusetts upon his disciplinary suspension and incurred costs associated with moving.

51. Shaw suffered damage to his reputation as a result of his disciplinary suspension.

52. Shaw has ongoing difficulty with admissions to other colleges and universities as a result of his disciplinary suspension.

53. No matter the outcome of this case, Shaw will forever have to explain the gap in his educational record to future employers.

54. But for Elon University's breach of contract, Shaw would not have suffered damages.

## SECOND CAUSE OF ACTION
(Motion for Injunction)

55. A preliminary injunction may be issued during litigation when "it appears by affidavit that a party thereto is doing or threatens or is about to do... some act... in violation of the rights of another party to the litigation respecting the subjects of the action, tending to render judgment ineffectual." N.C. Gen. Stat. § 1-485(2).

56. A preliminary injunction is an extraordinary measure that "will not be lightly granted." *Travenol Labs., Inc. v. Turner*, 30 N.C. App. 686, 692, 228 S.E.2d 478, 483 (1976) (citation omitted).

57. The moving party bears the burden on establishing a right to a preliminary injunction. *Pruitt v. Williams*, 288 N.C. 368, 372, 218 S.E.2d 348, 351 (1975).

58. The moving party must show "a likelihood of success on the merits of his case and... [that the movant] is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court issuance is necessary for the protection of his rights during the course of litigation." *Analog Devices, Inc. v. Michalski*, 157 N.C. App. 462, 466, 579 S.E.2d 499, 452, 144-45 (1990). Likelihood of success means a "reasonable likelihood." *A.E.P. Indus., Inc. v. McClure*, 308 N.C. 393, 404, 302 S.E.2d 754, 761 (1983).

59. The Court must also balance the equities, and a preliminary injunction "should not be granted where there is a serious question as to the right of the defendant to engage in the

activity and to forbid the defendant from doing so, pending the final determination of the matter, would cause the defendant greater damage than the Shaw would sustain from the continuance of the activity while the litigation is pending." *Board of Provincial Elders, etc. v. Jones*, 273 N.C. 174, 182, 159 S.E.2d 545, 551-552 (1968).

60. The issuance of a preliminary injunction is a "matter of discretion to be exercised by the hearing judge after a careful balancing of the equities." *State v. Fayetteville St. Christian School*, 299 N.C. 351, 357, 261 S.E.2d 908, 913 (1980).

61. Here, Shaw has herein alleged that Elon University breached its contractual obligations in investigating and adjudicating the student conduct matter.

62. Since the disciplinary suspension for one calendar year was issued, Shaw relocated to Massachusetts. Shaw is seeking admission to other colleges and universities in Massachusetts and the surrounding area.

63. Several of these schools have requested permission to speak to Elon University regarding the events surrounding the disciplinary suspension as a step in determining whether or not they will offer Shaw admission.

64. Shaw has, to date, not granted permission to any other school to speak with Elon University because its failure to fulfill its contractual obligations leaves Shaw warry of the information that it would provide.

65. Likewise, Shaw has not received an offer of admission from any other school.

66. It is unlikely that any school will offer admission without speaking to Elon University regarding the circumstances surrounding the disciplinary suspension.

67. Thus, if Shaw wishes to continue his education, he must grant permission for other schools or universities to speak with Elon University.

68. Elon University should not be permitted to disclose the details of Shaw's disciplinary suspension because their investigation and adjudication of that matter was, at best, cause for Shaw to complain to this Court that Elon University breached its contractual obligations.

69. Elon University should be permitted to only confirm that Shaw was a student at Elon University, that Shaw left in good academic standing, that he would be permitted to reapply at the end of the term of his disciplinary suspension, and that Shaw has an ongoing appeal of the suspension.

70. Shaw's complaint evidences that there was a valid contract with Elon University, that Elon University breached that contract, and that Shaw suffered damages as a result.

71. Shaw suffers ongoing harm as a result of Elon University's breach of contract by way of his inability to be admitted to other colleges or universities as a result of the disciplinary suspension.

72. Enjoining Elon University from hindering Shaw's education further would provide some relief as a result of Elon University's breach.

## PRAYER FOR RELIEF

WHEREFORE Shaw prays this Court:

1. For damages in an amount to be determined at trial to exceed $25,000;

2. That Elon University be enjoined from communications with other colleges or universities about the circumstances surrounding Shaw's disciplinary suspension and limited to providing only that information approved by this Court;

3. For costs of this action; and

4. For such other and further relief that this Court deems just and proper.

Respectfully submitted June 8, 2018.

_LB Waller_
LAURA BETH WALLER
N.C. Bar No. 41677
Pierce Law Group
9121 Anson Way, Ste 200
Raleigh, NC 27615
P: (919) 584-5556
F: (919) 887-7267
lbwaller@piercelaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing SUMMONS AND COMPLAINT was duly served in accordance with the North Carolina Rules of Civil Procedure by placing a copy thereof in the United States mail, certified, with a return receipt requested, addressed as follows:

    Elon University
    Connie Ledoux Book, Registered Agent
    100 Campus Drive
    Elon, NC 27244

This the 8th day of June, 2018.

    /s/ LB Waller
    LAURA BETH WALLER
    N.C. Bar No. 41677
    Pierce Law Group
    9121 Anson Way, Ste 200
    Raleigh, NC 27615
    P: (919) 584-5556
    F: (919) 887-7267
    lbwaller@piercelaw.com

    Attorney for Plaintiff

